989 F.2d 1203
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Avelina A. ARMADO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3525.
 United States Court of Appeals, Federal Circuit.
 Feb. 11, 1993.
 
 Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Avelina A. Armado, who appears pro se in this case, appeals from a decision of the Merit Systems Protection Board (MSPB or Board), which upheld a reconsideration decision of the Office of Personnel Management (OPM). The OPM decided that Mrs. Armado is not entitled to a survivor's annuity under the Civil Service Retirement Act (CSRA), 5 U.S.C. §§ 8331, et seq. We affirm the decision of the MSPB.
 
 DISCUSSION
 
 2
 The facts found by the administrative judge of the MSPB are undisputed. On December 1, 1978, Lauro Armado, husband of the petitioner, applied for retirement benefits pursuant to the CSRA. His application indicated that he was not married and that he wanted an annuity without a survivor benefit.
 
 
 3
 On May 7, 1985, OPM received a letter purportedly signed by Mr. Armado, in which he stated that he wished to provide survivor benefits for his wife, Avelina Aratan Armado, and requested that the proper forms be sent to enable him to make such an election. OPM responded to the letter by requesting that Mr. Armado submit proof of his marriage, stating that this would be required before the change to provide survivor benefits could be granted.
 
 
 4
 On August 1, 1985, OPM received another letter, dated July 23, 1985, and ostensibly signed by Mr. Armado, in which he expressed surprise at the letter received from OPM. He asserted that he had never written OPM inquiring about a change in survivor benefits. He never submitted proof of his marriage. Accordingly, OPM did not reduce Mr. Armado's annuity to provide a survivor benefit.
 
 
 5
 After Mr. Armado's death, petitioner applied to OPM for death benefits and with her application, she submitted a marriage certificate confirming her marriage to Lauro Armado in 1949.
 
 
 6
 In a final reconsideration of August 19, 1991, OPM denied her application on the ground that her husband had elected not to provide a survivor annuity as required by 5 U.S.C. § 8341(b)(1) (1976).
 
 
 7
 The MSPB correctly held that the petitioner had failed to discharge her burden of proving that she was entitled to survivor benefits. The law in effect at the time Mr. Armado retired, 5 U.S.C. § 8341(b)(1) (1976), provided a survivor annuity for his widow, unless at the time of his retirement, he gave OPM written notice that he did not want any spouse surviving him to receive his annuity. The finding by the MSPB that Mr. Armado notified OPM when he retired that he did not want a reduced annuity with a survivor benefit, and that he later declined to change that election is supported by substantial evidence.
 
 
 8
 In her appeal from OPM's adverse decision, petitioner requested that the MSPB reverse the decision of the OPM and grant her a survivor's annuity in order to alleviate her destitute living conditions. In her appeal to the court, petitioner did not assert that the MSPB applied the wrong law. Instead, she stated: "I am appealing to your sense of justice and mercy." The court joins the MSPB administrative judge in his expression of sympathy in behalf of the petitioner. Unfortunately for her case, however, the Congress has not authorized this court to grant an exception to the Civil Service Retirement Act because of the need or hardship of the applicant.